IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PLAZA REALTY OF RIO PIEDRAS, INC.,

    Plaintiff

        v.

MR. SERGIO GABRIEL SELCER, ET AL

    Defendants

Civil No. 10-1321 (SEC)

**OPINION and ORDER**

Pending before this Court is Defendants Sergio Gabriel Selcer and Mindy Feinberg's (collectively "Defendants") motion to dismiss (Docket # 9), and Plaintiff Plaza Realty of Rio Piedras, Inc.'s ("Plaintiff") opposition thereto (Docket # 10). After reviewing the filings, and the applicable law, Defendants' motion to dismiss is **DENIED**.

**Factual and Procedural Background**

On April 16, 2010, Plaintiff filed the present suit under diversity jurisdiction, for breach of contract claim and damages.[1] According to Plaintiff, Defendants "willfully, negligently, maliciously and in bad faith concealed information" regarding the status of the lease contracts and rent rolls pertaining to the property Plaintiff purchased from Defendants.

Pursuant to the complaint, on July 3, 2008, Plaintiff and Defendants entered into an Option to Purchase Agreement ("Option Agreement"),[2] whereby Plaintiff obtained the option

---

[1] Under the Civil Code of Puerto Rico's Article , P.R. Laws Ann. tit. 31, § 3018, "those who in fulfilling their obligations are guilty of fraud, negligence, or delay, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby."

[2] The parties to the Option Agreement are Cinemas Management of Puerto Rico, Inc. and Defendants. In accordance with the complaint, Cinemas is a company that provides management and operation services to commercial real estate companies, including Plaintiff.

to purchase a property owned by Defendants which consists of a "strip style shopping center" comprised of both commercial space and free standing units, located in San Juan, Puerto Rico.

Some of Plaintiff claims hinge on Defendants' alleged breach of its obligations stemming from Section "O" of the Option Agreement.[3] Plaintiff also points to a catchall obligation contained in the "Deed of Purchase and Sale" ("Deed"), which states in pertinent part that "there are no material facts or circumstances, related to the title, use, condition, or operation of the Realty, which Seller has not disclosed to the purchaser." According to Plaintiff, this was an essential condition of the contract of sale. Plaintiff alleges that, notwithstanding the above, Defendants made fraudulent misrepresentations about three tenants: Encantos Restaurants, owner of the Taco Bell franchise of Puerto Rico; Don Pedro BBQ; and Subway Restaurants.[4] Accordingly, Plaintiff contends that the rent rolls, estoppel certificates provided by the tenants, and other documents Defendants supplied in compliance with the Option Agreement failed to

---

[3] Under Section "O" of the Option Agreement, Defendants had the following obligations that are material to the present suit: 1) "to obtain from the lessee an estoppel certificate in a form mutually agreed to by the Parties, as to the effects to confirm such lessee's commitment to comply with its corresponding Lease, and deliver them to the Purchaser on the closing date;" 2) "continue to operate the Shopping Center in the normal course of business, including renewing leases, executing new leases, and exercises any right granted by law or established in a lease in the event of a default by a Tenant;" 3) to notify the Purchaser and keep the Purchaser informed of any changes regarding any current lease of the Commercial Spaces or Free Standing Units and the Seller shall consult the Purchaser the terms of any new leases of the Commercial Spaces or Free Standing Units prior to its execution." See Docket # 10-1, p. 16.

[4] With regards to "Taco Bell," Plaintiff alleges that Defendants, on October 3, 2008, were notified of the "critical financial condition that was affecting the Plaza Puerto Rico Taco Bell," and thus requested Defendants modify the terms of the Taco Bell lease. As to Don Pedro BBQ, Plaintiff contends that Defendants had authorized a reduction amounting to $2,000 of Don Pedro BBQ's lease. Lastly, Plaintiff avers that Defendants reduced Subway Restaurants' Common Area Maintenance charges by $3.74 per square foot via an oral agreement between Defendants and the tenant.

**CIVIL NO. 10-1321 (SEC)**                                                                 Page 3

reflect the economic reality of the purchased property. Plaintiff alleges that, as a result, they were deceived into acquiring the property at an overstated price.

On July 6, 2010, Defendants moved for dismissal pursuant to a forum selection clause contained in the Option Agreement. Docket # 9. Plaintiff opposed (Docket # 10), Defendants replied (Docket # 13), and Plaintiff sur-replied (Docket # 16).

**Standard of Review**

Although Defendants invoked FED. R. CIV. P. 12(b)(3) as the procedural vehicle for urging dismissal under the forum selection clause, the First Circuit has held that such dismissals are founded on Rule 12(b)(6). Lambert v. Kysar, 983 F.2d 1110, 1112, n. 1 (1st Cir. 1993); see also Doe v. Seacamp Ass'n, 276 F. Supp. 2d 222, 224, n. 2 (D. Mass. 2003); LFC Lessors v. Pacific Sewer Maintenance Corp., 739 F.2d 4, 7 (1st Cir. 1984). Therefore, courts have emphasized that a motion to dismiss based upon a forum-selection clause is considered as one alleging failure to state a claim for which relief can be granted, under Rule 12(b)(6), and not one for lack of subject-matter jurisdiction. Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 386 (1st Cir. 2001); Outek Caribbean Dist. V. Echo, Inc., 206 F. Supp. 2d 263, 266 (D.P.R. 2002).

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008).[5] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual

---

[5] FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

**CIVIL NO. 10-1321 (SEC)**                                                                 **Page 4**

allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. However, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,'but it asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. At 1965; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are

**CIVIL NO. 10-1321 (SEC)**                                                                                                           Page 5

true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008).

The Court "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F. 3d 301, 305-06 (1st Cir. 2008).

**Applicable Law and Analysis**

In support of their motion, Defendants argue that this district is an improper venue for the present claims. According to Defendants, pursuant to Section "Q" of the Option Agreement, the proper forum for any suit arising out of said agreement is the Superior Court of Puerto Rico, San Juan Section. On this point, Defendants aver that the intent of the parties and the clear language of the contract's provision disallow a different interpretation.

In opposition, Plaintiff argues that its causes of action stem from Defendants' willful, negligent, malicious and bad faith actions and representations, and breach of the Option Agreement as well as the Deed. Specifically, Plaintiff contends that insofar as the Deed does not contain a forum selection clause, the District court is a proper venue to elucidate Plaintiff's claim.

In their reply, Defendants contend that Plaintiffs' claims hinge on the alleged violations of Section "O" of the Option Agreement, thus there are no claims for breach of contract under the Deed. Even so, Defendants insist that the Deed does not contain any obligation requiring that Defendants divulge any changes regarding the status pertaining to the leases of the commercial units.

Although generally, "there is a strong presumption in favor of the plaintiff's choice of forum," Rafael Rodriguez Barril, Inc. v. Conbraco Indus., No. 08-1993, slip. op. at 8 (D.P.R. June 30, 2009) (citing Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000), "when parties agree to a forum selection clause, it is the resisting party who must show the unreasonableness

**CIVIL NO. 10-1321 (SEC)**                                                                                          Page 6

of enforcement under the circumstances." Id. (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)). In analyzing the validity of a forum selection clause, the First Circuit has "recognized the general importance of enforcing these clauses." Outek Caribbean, 206 F. Supp. 2d at 270. Furthermore, the court has held that in the context of a motion to dismiss based on a forum clause, the forum clause is *prima facie* valid, and must be enforced, unless the opposing party can show the clause to be unreasonable, unjust, or invalid due to fraud. Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 386 (1st Cir. 2001); see also Mercado-Salinas v. Bart Enters. Int'l, 669 F. Supp. 2d 176, 184 (D.P.R. 2009). Therefore, the burden shifts to the resisting party to show that "the particular clause: 1) was not 'freely negotiated' or was the result of fraud; 2) contravenes a strong public policy of the forum where the suit is brought; or 3) the party challenging its enforceability shows that trial in the contractual forum will be so gravely difficult that it will, for all practical purposes, be deprived of its day in court." Marrero v. Aragunde, 537 F. Supp. 2d 305, 308 (D.P.R. 2008); see also D.I.P.R. Mfg. v. Perry Ellis, 472 F. Supp. 2d 151, 154 (D.P.R. 2007).

Courts have held that "[t]he fact that another location would prove more convenient to the party resisting the agreed upon location is not sufficient to meet the 'heavy burden' required to obviate a forum selection clause." Antilles Cement Corp. v. Aalborg Portland A/S, 526 F. Supp. 2d 205, 208 (D.P.R. 2007) (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Otherwise, "forum selection clauses would almost never be enforceable, for inconvenience to at least one of the parties is an almost forgone conclusion when dealing with a provision that requires litigating away from one's home turf." Antilles Cement Corp., 526 F. Supp. 2d at 208 (citing In re Mercurio, 402 F.3d 62, 66 (1st Cir. 2005)).

**CIVIL NO. 10-1321 (SEC)**                                                                 Page 7

Additionally, "[a] fundamental question in evaluating the effect to be afforded to a forum selection clause is whether its language is mandatory or permissible." Marrero v. Aragunde, 537 F. Supp. 2d 305, 308 (D.P.R. 2008) (citing Autoridad de Energia Electrica v. Ericsson Inc., 201 F.3d 15 (1st Cir. 2001). Whereas a "mandatory clause is one that requires that the litigation be brought only in the chosen forum, to the exclusion of others... a permissible clause [sic] is one that allows the parties to litigate in the chosen forum, but does not purport to exclude them from litigating in some other forum that otherwise has jurisdiction." Id. (citing Ericsson, 201 F.3d at 19). Courts will ordinarily enforce a forum selection clause that is mandatory. Id.

The validity of forum selection clauses has been consistently upheld by the Puerto Rico Supreme Court, this district, and the First Circuit. Outek Caribbean, 206 F. Supp. 2d at 270; Silva, 239 F.3d at 386; Perry Ellis Intl., 472 F. Supp. 2d at 155. This precedent is so strong, that these types of clauses have been implemented even when a Puerto Rico law expressly proscribes the enforcement of said types of clauses. Perry Ellis Intl., 472 F. Supp. 2d at 155 (citations omitted). However, courts are hesitant to enforce forum selection clauses unless they clearly state the parties' unambiguous intent that the controversy be litigated exclusively in a particular forum. Mercado-Salinas, 669 F. Supp. 2d at 184-185 (citing Cummings v. Caribe Mktg. & Sales Co., Inc., 959 F. Supp. 560, 565 n.7 (D.P.R. 1997).

This Court first notes that Plaintiff expressly claims that "one of the essential conditions of the Deed was [Defendants'] representations to Plaza that there were no material facts or circumstances, related to the title, use, condition or operation of Plaza Puerto Rico that they had not previously disclosed to Plaza." Docket # 1, p. 5. Thus they assert that Defendants breached said contract. Morever, said Deed does not contain a forum selection clause. Accordingly, Plaintiff's claims of breach of contract arising from the Deed exist even absent claims regarding

the Option Agreement. As such, dismissal of the claims regarding the alleged breach of the Deed's contractual obligations is unwarranted.

On the other hand, there is a forum selection clause in the Option Agreement, which states that "the parties herein have agreed that this Option shall be governed and construed in accordance with the laws of the Commonwealth of Puerto Rico, and submit themselves to the jurisdiction of the Superior Court of Puerto Rico, San Juan Section." Unlike in Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 17-18 (D.P.R. 2009), here the agreement to submit to the Superior Court of Puerto Rico, San Juan Section is not preceded and informed by a qualifying phrase: "all disputes arising out of or relating to this Agreement shall be submitted to the Superior Court of Puerto Rico." Instead, it is similar to the forum selection clause discussed in Redondo Constr. Corp. v. Banco Exterior de Espana, S.A., 11 F.3d 3 (1st Cir. 1993), where the Court held that "language providing that each [party] hereby expressly submits to jurisdiction of all Federal and State Courts located in the State of Florida was permissive," and did not negatively exclude any other proper jurisdiction. See Ericsson, Inc., 201 F.3d at 18. This difference is determinative in concluding that the forum selection clause found in the Option Agreement is permissive. The present parties merely consented for the Superior Court of Puerto Rico, San Juan Section to exert jurisdiction over the parties in relation to causes of action stemming from the Option Agreement; however, the parties did not negatively exclude the proper jurisdiction of other courts. As such, Defendants' arguments on this front fail.

Considering that the forum selection clause is permissive in nature, and that Defendants have failed to show that this venue is improper because the forum selection clause contained in the Option Agreement: 1) was not 'freely negotiated' or was the result of fraud; 2) contravenes a strong public policy of the forum where the suit is brought; or 3) the party challenging its enforceability shows that trial in the contractual forum will be so gravely

**CIVIL NO. 10-1321 (SEC)**                                                                                           **Page 9**

difficult that it will, for all practical purposes, be deprived of its day in court; " the court is not obligated to enforce said clause. Marrero v. Aragunde, 537 F. Supp. 2d 305, 308 (D.P.R. 2008); see also Perry Ellis, 472 F. Supp. 2d at 154.

**Conclusion**

Based on the foregoing, Defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of December, 2010.

S/*Salvador E. Casellas*
Salvador E. Casellas
U.S. Senior District Judge